IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>APS MARKET AND GRILL, LLC d/b/a TAQUERIA LA SIERRA MEXICAN RESTAURANT, DIANA BARRIENTOS, a.k.a. DIANA BARRIENTOS-GRANADOS and DIANA BENAVIDEZ, and OSCAR JIMINEZ-BENAVIDEZ, a.k.a. OSCAR JIMINEZ, and OSCAR BENAVIDEZ,<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, EUGENE SCALIA, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin Defendants APS MARKET AND GRILL, LLC, doing business as TAQUERIA LA SIERRA MEXICAN RESTAURANT, DIANA BARRIENTOS, also known as DIANA BARRIENTOS-GRANADOS and DIANA BENAVIDEZ, and OSCAR BENAVIDES-JIMINEZ, also known as OSCAR JIMINEZ, and OSCAR BENAVIDES, (hereinafter collectively referred to as "Defendants,") from violating the provisions of Sections 6, 7, and 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant APS MARKET AND GRILL, LLC d/b/a TAQUERIA LA SIERRA MEXICAN RESTAURANT ("La Sierra") is a limited liability company duly organized under the laws of the state of Delaware, having its registered office at 58 West Church Street, Selbyville, DE 19975. Defendant La Sierra is engaged in a full-service restaurant, grocery, butcher, and barber business at 58 West Church Street, Selbyville, DE 19975, which is within the jurisdiction of this court.

3. Defendant DIANA BARRIENTOS, also known as DIANA BARRIENTOS-GRANADOS and DIANA BENAVIDEZ, is the sole owner of La Sierra and resides at 70 Bethany Road, Selbyville, DE 19975, which is within the jurisdiction of this Court. Barrientos has directed employment practices and has acted directly or indirectly in the interest of La Sierra in relation to its employees at all times relevant herein, including hiring and firing employees, and setting employees' schedules and rates of pay. Diana Barrientos is responsible for overseeing day-to-day operations, supervising employees, and creating and implementing policies that kept employees from being paid minimum wage and overtime. Defendant Diana Barrientos is an employer of said employees within the meaning of Section 3(d) of the Act.

4. Defendant OSCAR BENAVIDES-JIMINEZ, also known as OSCAR JIMINEZ, and OSCAR BENAVIDES, is a current manager of La Sierra and resides at 70 Bethany Rd, Selbyville, DE 19975, which is within the jurisdiction of this Court. Benavides-Jiminez was jointly responsible for creating and implementing policies that kept employees from being paid minimum wage and overtime. Benavides-Jiminez has actively supervised workers and has acted directly or indirectly in the interest of La Sierra in relation to its employees at all times relevant

herein. Benavides-Jiminez has exercised hiring and firing authority on behalf of the company. Jointly with Diana Barrientos, Benavides-Jiminez is responsible for directing the workforce on a day-to-day basis and executing the company's compensation policies. Defendant Benavides-Jiminez is an employer of said employees within the meaning of Section 3(d) of the Act.

5. Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working with products, goods or materials that have been moved in or produced for commerce, such as restaurant supplies, groceries, phone cards, piñatas, and leather goods sold in its mini market. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

6. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

7. Defendants willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by paying some of their employees employed as servers, cooks, dishwashers, and butchers in an enterprise engaged in commerce or in the production of goods for commerce at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act. Therefore, Defendants are liable for unpaid minimum wages and an equal amount of liquidated damages under Section 16(c) of the Act. For example: Defendants paid servers, cooks, dishwashers, and butchers a fixed salary that did not vary with hours worked, even though these positions did not satisfy the requirements of the executive exemption detailed in 29 U.S.C. § 213(a)(1) and 29 C.F.R. 541.100. This resulted in some workers being paid at rates less than the minimum wage.

8. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing servers, cooks, dishwashers, and butchers in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, said Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act. For example: Defendants failed to pay the overtime premium of one and one half times the regular rate to any of its workers, even though workers frequently worked between fifty (50) and seventy-eight (78) hours in a workweek. Servers, cooks, dishwashers, and butchers received only a fixed salary for all hours worked, regardless of the numbers of hours worked, resulting in overtime violations.

9. Defendants willfully violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of many of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to keep records of hours worked by and wages due to many of their employees. Nor did the employer keep records of all employees' addresses and telephone numbers. Further, for some workers, Defendants did not include them in payroll records at all.

10. Since at least April 25, 2016 through at least April 21, 2019, Defendant has willfully violated the provisions of the Act as alleged in paragraphs 7 through 9 above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

11. As a result of the violations alleged in paragraphs 7 through 9 above, back wages and an equal amount of liquidated damages are owed to Defendants' current and former

employees, including but not limited to the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

12. A judgment granting recovery of said amounts is specifically authorized by Sections 16(c) and 17 of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2) For judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period April 25, 2016 through at least April 21, 2019, and for an equal amount due to Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees listed in the attached Schedule A for violations continuing after April 21, 2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or;

(3)   In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

For the Secretary:

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

By: _____
Jennifer L. Bluer
Senior Trial Attorney
PA ID # 307299
Office of the Solicitor, Region III
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
215-861-5146
215-861-5162 (fax)
Bluer.jennifer.l@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff