IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>      Plaintiff,<br><br>  v.<br><br>APS MARKET AND GRILL, LLC d/b/a TAQUERIA LA SIERRA MEXICAN RESTAURANT, DIANA BARRIENTOS, a.k.a. DIANA BARRIENTOS-GRANADOS and DIANA BENAVIDEZ, and OSCAR JIMINEZ-BENAVIDEZ, a.k.a. OSCAR JIMINEZ, and OSCAR BENAVIDEZ,<br><br>      Defendants. | Civil Action No. 20-cv-292-RGA |

<u>MEMORANDUM ORDER</u>

Before me is Defendants' motion to set aside the entry of default against all Defendants and to request to file a late responsive pleading. (D.I. 15). It is fully briefed. (D.I. 18, 19). I grant Defendants' motion and allow leave to file a late responsive pleading.

**I.    BACKGROUND**

La Sierra is a "family-owned and operated Mexican restaurant and mini-market." (D.I. 17 ¶ 3). Both Defendants Barrientos and Benavidez work at La Sierra. *Id*. Plaintiff Eugene Scalia, Secretary of Labor, filed this action against Defendants on February 28, 2020. (D.I. 1). Plaintiff attempted to serve each Defendant via first class mail on March 10, 2020, but the mailing sent to La Sierra was returned as undeliverable. (D.I. 7, Ex. 1 ¶ 4). Additional copies were mailed to Defendant Barrientos' home address and Defendants' accountant, Dan Perez. (*Id*. ¶¶ 4-5). Mr. Perez had previously represented Defendants during an investigation by the Department of Labor in the summer of 2019. (D.I. 17 ¶ 5). After receiving the complaint, Mr.

1

Perez spoke to Plaintiff's counsel on behalf of Defendants. (D.I. 16 at 2; D.I. 7, Ex. 1 ¶ 6). After this conversation, in April 2020, Defendants executed and returned Waivers of Service of Summons to Plaintiff's counsel. (*Id*. ¶ 7). The Waivers were subsequently filed by Plaintiff. (D.I. 3, 4, 5).

However, Defendants did not understand that by signing the Waiver "they would be relinquishing any challenge to having been properly served with process, and that failure to timely file a responsive pleading would have severe consequences." (D.I. 16 at 2; D.I. 17 ¶ 8). Defendants mistakenly believed that Mr. Perez was "trying to resolve the Complaint or rectify the situation leading to the Complaint without the need to file a response with the Court." (D.I. 17 ¶ 9). Defendants additionally note that due to the COVID-19 pandemic starting in March, they "worked nearly constantly to keep the business running" and "continued to believe that Mr. Perez was attempting to resolve the dispute with the DOL" during this time. (*Id*. ¶¶ 10-11).

In an email to Defendants on April 16, 2020, Plaintiff's counsel asked if Defendants had retained an attorney and invited Defendants or their counsel to contact her regarding the case if they wished to discuss the matter further. (D.I. 7, Ex. 1 ¶ 8). However, Defendants state the first time that they "realized that the dispute was not being properly managed was when Plaintiff filed Requests to Enter Default against the Defendants on or about May 29, 2020." (D.I. 17 ¶ 14). Defendants' answer was due on May 18, 2020. (*See* D.I. 6). Plaintiff requested an entry of default against all Defendants on May 29, 2020. (*See* D.I. 7, 8, 9). On June 4, 2020, the Clerk entered a default against each Defendant. (D.I. 11, 12, 13). Defendants now request this Court to set aside the default and seek leave to file a late responsive pleading. (D.I. 15).

This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331 and 1345.

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55(c), a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c).  The decision to vacate the default entry is committed to the discretion of the trial court. *See United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984).  In the Third Circuit, default judgments are disfavored as they prevent claims from being decided on the merits. *Id.*  Even in close cases, "doubts should be resolved in favor of setting aside the default and reaching the merits." *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987).

When considering a decision to set aside the entry of default, the Court should consider the following factors: (1) whether Plaintiff will be prejudiced if the Court sets aside the default; (2) whether Defendants have a meritorious defense; and (3) whether the default was a result of Defendants' culpable conduct. *See $55,518.05,* 728 F.2d at 194.

A.  Prejudice to Plaintiff

Defendants argue that Plaintiff will not be prejudiced if the entry of default is vacated. (D.I. 16 at 4).  Defendants assert that the "only perceived 'prejudice' that [Plaintiff] may feel is the delay in realizing any judgment on this matter." (D.I. 19 at 7).  Defendants note that a delay in realizing a judgment "rarely serves to establish the degree of prejudice sufficient to prevent the opening of a default judgment entered at an early stage of the proceeding." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982).

Plaintiff argues that if the entry of default is set aside, prejudice "will be suffered by the victims of Defendants' unlawful pay practices—the underpaid hourly workers to whom the backwages are owed." (D.I. 18 at 9).  *See Solis v. United Buffet, Inc.,* 2012 WL 669867 at * 3 (N.D. Cal. Feb. 29, 2012).  Plaintiff asserts that there is "no question that Defendants violated

3

Sections 6 and 7 of the FLSA when they paid [the] kitchen workers, servers, and butchers a fixed salary regardless of hours worked." (D.I. 18 at 10).

The Court is not persuaded by Plaintiff's argument that prejudice exists here. Prejudice to a plaintiff typically involves a "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the entry of default." *Girafa.com, Inc. v. Smartdevil Inc.*, 728 F. Supp. 2d 537, 545 (D. Del. 2010) (quoting *Mike Rosen & Assocs., P.C. v. Omega Builders Ltd.*, 940 F. Supp. 115, 117-18 (E.D. Pa. 1996)). Plaintiff does not claim any of these issues are present here. Further, the Court does not believe a delay of less than three months rises to the level of prejudice. Thus, this factor strongly favors setting aside the entry of default.

B.  Meritorious Defense

The showing of a meritorious defense is accomplished when "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." *$55,518.05*, 728 F.2d at 195. However, "a litigable defense does not need to be established beyond doubt in defendant's pleading." *Turner v. Corr. Med. Servs.*, 262 F.R.D. 405, 408 n.8 (D. Del. 2009).

Defendants assert that their proposed defenses, taken jointly, will serve as a complete defense. (*See* D.I. 19 at 6-7). Specifically, Defendants note that while Plaintiff claims some employees "frequently" worked 78 hours per week, such a calculation is a "factual impossibility." (*Id*. at 5 n.2; *see* D.I. 1 ¶ 9). Defendants argue that "employees could have only worked a maximum of 6 days in any given week, and two of the businesses were not even open 12 hours per day." (D.I. 19 at 5 n.2). Defendants also note their inability to assert all available defenses because they just obtained financial records from Defendants' accountant the day before the reply brief was filed. (*Id*. at 5). Overall, Defendants contend they "have a well-

4

founded belief that they did not violate the FLSA at all and did actually make all necessary minimum wage and overtime payments." *Id*.

Plaintiff asserts that the "partial defenses pled by Defendants, even if established at trial, are relevant to damages rather than liability." (D.I. 18 at 9). Thus, these partial defenses should not be considered a complete defense as required. *Id*. Plaintiff argues that Defendants do not actually offer specific facts and instead provide conclusory statements. (*Id*. at 7).

While Plaintiff argues, "Defendants have not alleged that their pay practices were lawful or in compliance with the FLSA," Defendants do in fact state they "have a well-founded belief that they did not violate the FLSA at all." (D.I. 18 at 9; D.I. 19 at 5). If Defendants did not violate these FLSA requirements, as they argue, this would serve as a complete defense, not just a partial defense that goes towards damages. Defendants have also presented facts to show why they contend that Plaintiff's allegation that employees worked 78 hours per week was not possible. (*See* D.I. 19 at 5 n.2). Given that Defendants have only just received their accountant's financial records, it is not surprising they are not able to muster more facts to support their defenses. Overall, given the difficulty of alleging specific facts at this time, Defendants' denial of the allegations serves as a complete defense. It is not required that "the defaulting party . . . prove beyond a shadow of a doubt that [it] will win at trial, but merely . . . show that [it has] a defense to the action which at least has merit on its face." *Girafa.com, Inc.,* 728 F. Supp. 2d at 545 (quoting *Dizzley v. Friends Rehabilitation Program, Inc*., 202 F.R.D. 146, 148 (E.D. Pa. 2001)). Thus, this factor modestly favors setting aside the entry of default.

    C.  Defendants' Culpable Conduct

"In this context, culpable conduct means actions taken willfully or in bad faith*."  Gross v. Stereo Component Sys., Inc*., 700 F.2d 120, 123-24 (3d Cir. 1983). Defendants argue that "their

5

failure to plead was the result of (1) a misunderstanding or miscommunication about the role that Mr. Perez was to play with respect to the Complaint, and (2) difficulty focusing on the matter as a result of trying to keep La Sierra operating through the COVID-19 pandemic."  (D.I. 16 at 6).

Plaintiff argues that "it is clear that Defendants' failure to file an Answer went beyond 'mere negligence' and was at best reckless, at worst a willful disregard of the procedural requirements and deadlines in this litigation."  *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1182-83 (3d Cir. 1984).  Plaintiff asserts that it is "undisputed that the Complaint, Waivers, and Notice of Lawsuit were mailed to and received by La Sierra's registered agent and the named Defendants in this matter."  (D.I. 18 at 10).   Plaintiff further notes that counsel "invited the Defendants to call her to discuss the case, asked if they had obtained legal counsel, and advised that she would need to communicate directly with their attorney if Defendants had retained one."  (*Id*. at 11).

I see no evidence that Defendants' actions were made in bad faith or willfully.  Defendants' misconception about the professional distinctions between the services rendered by attorneys and accountants, particularly in the context where the accountant had been active on their behalf during the investigation, is not a sign of bad faith.  (*See* D.I. 17 ¶¶ 7-8).  While Defendants neglected their duty to respond, their excuse of preoccupation with the COVID-19 pandemic is plausible.   (*Id*. ¶ 10).  Further, Defendants note they first learned the matter was not being properly managed when they were notified of the entry of default and "immediately" began to seek legal counsel.  (*Id*. ¶¶ 14-15).  Overall, I do not find the record demonstrates any willfulness or bad faith.  Thus, this factor favors setting aside the entry of default.

D.  Plaintiff's Request to Limit Defendants' Defenses

If the Court sets aside the entry of default, Plaintiff "respectfully requests that all Defendants be prevented from presenting any defense against the underlying FLSA violations or

to defend against Plaintiff's assertion that the named Defendants were employers in accordance with section 203(d) of the FLSA." (D.I. 18 at 12). Plaintiff "asks that the issues in controversy be limited to whether Defendants willfully violated the FLSA, and the amount of damages owed." *Id*. However, Plaintiff has not stated why this request is necessary nor provided any case law in support. I do not understand why Plaintiff thinks that, under the circumstances, I should grant the equivalent of summary judgment against Defendants. Thus, this request is denied.

### III.  SUMMARY

The Court concludes that setting aside the entry of default is warranted because Plaintiff has not established prejudice, Defendants have raised a meritorious defense, and there is insufficient evidence of culpable conduct by Defendants. Defendants' motion to set aside the entry of default and to request leave to file a late responsive pleading (D.I. 15) is **GRANTED**. Plaintiff's request to limit the defenses that Defendants may raise is **DENIED**. Defendants' responsive pleading is due in fourteen days.

IT IS SO ORDERED this 27th day of July 2020.

__/s/ Richard G. Andrews_____  
United States District Judge