# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | C. A. No. 1:20-cv-00292-RJA |
| APS MARKET AND GRILL, LLC, d/b/a TAQUERIA LA SIERRA MEXIAN RESTAURANT, DIANA BARRIENTOS, a.k.a DIANA BARRIENTOS-GRANADOS and DIANA BENEVIDEZ, and OSCAR JIMINEZ-BENEVIDES a.k.a. OSCAR JIMINEZ and OSCAR BENEVIDEZ, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

NOW COME Defendants, APS Market & Grill, Inc. ("APSMG"), Oscar Benevides Jimenez ("Benevides Jimenez"), and Diana Barrientos-Granados ("Barrientos-Granados"), by and through their undersigned counsel, and respond to Plaintiff's Complaint as follows:

1. Admitted.

2. Denied that APSMG is presently operating a barbershop. Denied that APSMG is a limited liability company. Otherwise, admitted.

3. The allegations of the first sentence of this paragraph are admitted. The allegations of the second and third sentences of this paragraph are denied. The allegations of the fourth sentence of this paragraph are legal conclusions to which no response is required; to the extent that a response is required, they are denied.

4. The allegations of the first sentence of this paragraph are admitted. The allegations of the second sentence of this paragraph are denied. The allegations of the third and fourth sentences are admitted. The allegations of the fifth sentence are denied. The allegations of the sixth sentence of this paragraph are legal conclusions to which no response is required; to the extent that a response is required, they are denied.

5. The allegations of the first and second sentences of this paragraph are admitted. The allegations of the third sentence of this paragraph are legal conclusions to which no response is required; to the extent that a response is required, they are denied.

6. The allegations are legal conclusions to which no response is required; to the extent that a response is required, they are denied.

7. Denied.

8. Denied.

9. Denied.

10. The allegations of the first sentence of this paragraph are denied. The allegations of the second sentence of this paragraph are legal conclusions to which no response is required; to the extent that a response is required, they are denied.

11. The allegations of the paragraph are legal conclusions to which no response is required; to the extent that a response is required, they are denied.

12. The allegations of the paragraph are legal conclusions to which no response is required; to the extent that a response is required, they are denied.

No response is required to the Secretary's prayer for relief.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff's claim is barred as Defendants have fully complied with the provisions of the Fair Labor Standards Act ("FLSA").

3. Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

4. Defendant subjectively acted in good faith and had reasonable grounds to believe that they were not violating the FLSA; therefore, liquidated damages should be reduced or denied.

5. Plaintiff would be unjustly enriched if permitted to recover against Defendants on the claims set forth in the Complaint.

6. The requirements of the FLSA are inapplicable to all of the individuals listed on Schedule A of the Complaint via exemption.

7. Some or all of the individuals listed on Schedule A of the Complaint are or were independent contractors to whom the requirements of the FLSA are inapplicable.

8. Some or all of the alleged unpaid time was non-compensable pursuant to the FLSA.

9. In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

10. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

11. Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

12. To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the United States Constitution. Any award of punitive damages in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States.

13. Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

14. Plaintiff's action is barred because Plaintiff seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

15. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

16. Without assuming the burden of proof, employees referenced in the Complaint were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiffs themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

17. The Plaintiff's claims are estopped by the submission of the Employees' own time records, for which Defendants compensated said employees appropriately and lawfully.

18. The alleged time for which Plaintiffs seek compensation for employees noted in the Complaint is irregular as well as practically and administratively difficult to record.

19. Employees for whom Plaintiff have alleged damages have failed to mitigate their alleged damages.

20. Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

21. Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

22. The claims are barred for failure to exhaust administrative remedies.

23. Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

24. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

25. Defendant reserves the right to identify, raise, and/or rely upon additional affirmative defenses that become known during the course of discovery or otherwise.

[THIS PORTION LEFT INTENTIONALLY BLANK]

WHEREFORE, Defendants respectfully request that this Honorable Court enter judgment in its favor; dismiss Plaintiff's complaint with prejudice, in its entirety; grant Defendants their attorney's fees and costs in connection with this lawsuit; and that this Court award Defendants any and all further relief deemed appropriate.

Respectfully submitted,

**OFFIT KURMAN, P.A.**

Date: August 10, 2020

*/s/ Anthony N. Delcollo*
Anthony N. Delcollo (#5688)
Katherine Randolph Fry (#3348)
222 Delaware Avenue
Suite 1105
Wilmington, DE 19801
Tel: (302) 351-0900
Fax: (302) 351-0915
adelcollo@offitkurman.com

4839-1504-3527, v. 1